# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| WANDA D. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 6513 |
| v. | ) | |
| | ) | Magistrate Judge Sidney I. Schenkier |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER[2]

The plaintiff, Wanda Morgan, originally filed this action seeking judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income benefits ("SSI") (doc # 17: Motion for Reversal or Remand). On June 9, 2016, we reversed and remanded the decision to the Administrative Law Judge ("ALJ"), *Morgan v. Colvin,* No. 14-cv-6513, 2016 WL 3235061 (N.D. Ill. June 9, 2016) (doc. # 30: Order on Motion for Sum. J.). Ms. Morgan has now filed a motion seeking reimbursement of $8,254.92 in attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2000) (doc. # 33: Plaintiff's Mot. for Fees). For the reasons set forth below, we grant plaintiff's motion and award attorney's fees and costs in the amount requested.[3]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), we have substituted Acting Commissioner of Social Security Nancy A. Berryhill as the named defendant.

[2] On September 15, 2014, by consent of the parties and pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, this case was assigned to this Court for all proceedings, including entry of final judgment (doc. # 8).

[3] We set a briefing schedule on the motion, which permitted the defendant to file a response by October 4, 2016 and plaintiff to file a reply by October 18, 2016 (doc. # 35). Defendant timely filed a response (doc. # 36); plaintiff sought (doc. # 37), and we granted (doc. # 39), an extension of time to October 25, 2016 for plaintiff to file a reply. On October 25, 2016, plaintiff filed a pleading labeled on the docket as a reply in support of her EAJA motion (doc. # 40). However, the document plaintiff actually filed was a duplicate of her reply memorandum in support of the motion to reverse and remand. Plaintiff has thus waived her reply in support of the EAJA motion,

## I.

The facts of this case have been laid out in detail in our previous decision to remand and thus we will summarize only the relevant facts from that opinion (doc. # 31: Memorandum Opinion and Order ("Mem. Op.")). Ms. Morgan's motion for reversal or remand argued: (1) that the ALJ failed to properly consider her hand limitations stemming from her Carpel Tunnel Syndrome ("CTS"), (2) that the ALJ's adverse credibility determination was flawed, and (3) that the RFC was unsupported by substantial evidence in the record because the ALJ rejected the only medical opinion in the record (Mem. Op. at 5). In our opinion, we concluded that the ALJ properly supported her decision with respect to Ms. Morgan's CTS (*Id.* at 12).[4] With respect to the ALJ's determination of Ms. Morgan's RFC, we found that it was generally within her authority to consider and then reduce the RFC suggested by Dr. Vincent from medium to light (Mem. Op. at 6). Furthermore, at least with respect to Ms. Morgan's CTS, the ALJ explained why she found Ms. Morgan retained the ability to work at a light exertion level (*Id.*).

We remanded the case on a single issue, holding that the ALJ failed to justify her light RFC determination as it applied to Ms. Morgan's arthritis in her knees (Mem. Op. at 6). Specifically, we noted that the medical examination and medical opinion on which the ALJ relied for her RFC determination both predate Ms. Morgan's arthritis diagnosis *Id.* Because the ALJ failed to explain the path by which she determined that the evidence showed that Ms. Morgan could perform light duty work despite having what she found to be the severe impairment of arthritis, we found that the ALJ failed to build an "accurate and logical bridge"

---

which has no effect on the outcome of the motion, but which forecloses any compensation for work that plaintiff's counsel may have done in preparing a reply brief in support of the EAJA motion.

[4] Because we remanded the case on the issue of Ms. Morgan's arthritis, we did not reach her argument about the ALJ's analysis of her credibility.

from the evidence to the RFC determination on that issue (Mem. Op. at 7). We thus granted Ms. Morgan's motion and remanded the case (*Id.*).

## II.

Under the EAJA, a district court may award attorney's fees where (1) the claimant is a "prevailing party;" (2) the government was not substantially justified in its position; (3) no "special circumstances" make an award unjust; and (4) the fee application is timely and supported by an itemized statement. *Golembiewski v. Barnhart,* 382 F.3d 721, 723–24 (7th Cir.2004); 28 U.S.C. § 2412(d)(1)(A), (B). The Commissioner has not challenged Ms. Morgan's status as a prevailing party; nor has the government argued that there are special circumstances here that would make a fee award unjust. The government challenges two aspects of the petition. *First,* the government argues that no fees should be awarded at all because its position was substantially justified. *Second,* the government argues that if fees are awarded, they should be reduced from the amount plaintiff seeks. We address each argument in turn.

## A.

The government has the burden of establishing that its position was substantially justified, and to do so must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded. *Golembiewski,* 382 F.3d at 724; *United States v. Hallmark Construction Co.,* 200 F.3d 1076, 1078–79 (7th Cir.2000); *Suide v. Astrue,* No. 11 C 1467, 2011 WL 6425712 at *1 (N.D.Ill. December 22, 2011). EAJA fees may be awarded if the government's pre-litigation conduct, including the ALJ decision itself, or its litigation position are not substantially justified, but the district court is to make only one determination for the entire civil action. *Golembiewski,* 382 F.3d at 724.

3

In determining whether the Commissioner has met its burden, we note that not every reason for remand reflects a lack of substantial justification. "[T]he ALJ's opinion might offer merely a "cursory and inadequate" analysis of an important point, but that shortcoming alone usually will not be enough to poison the opinion—or the commissioner's defense of the opinion." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011) (citing *United States v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 387 (7th Cir. 2010)). The *Bassett* court explained that "the requirement that the ALJ must articulate an assessment of the evidence is 'deliberately flexible,' so the ALJ's failure to 'connect all the dots' in the analysis—and the commissioner's defense of [the analysis]—is likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law." 641 F.3d at 859-60 (citing *Cunningham v. Barnhart*, 440 F.3d 862, 864–65 (7th Cir. 2006)). "It typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified," such as "ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis." *Id.*

The Commissioner argues that the ALJ's opinion represents a "run of the mill error in articulation," implying that it was therefore justified in defending the ALJ's opinion that Ms. Morgan could perform work at the light exertional level rather than at the medium exertional level as opined by the agency examiner – before the diagnosis and treatment for plaintiff's arthritic knees (doc. # 36: Commissioner's Response to Pl. Mot. for Fees). However, we disagree that the error that caused us to remand was merely one of articulation; the error was in failing to develop the medical record to ascertain what degree of limitation resulted from an impairment the ALJ herself found to be severe. The Commissioner provides no legal support for the

4

proposition that an ALJ's determination of an RFC that is not supported by medical opinion or other evidence represents such a "run of the mill" error.

In its memorandum seeking affirmance of the ALJ's decision, the government cited *Dampeer v. Astrue*, 826 F. Supp. 2d 1073, 1085 (N.D. Ill. 2011), for the proposition that an ALJ is justified in reducing an RFC from that assessed by a medical opinion – in that case, a reduction to sedentary work after state agency doctors concluded that the claimant could perform light work with certain limitations. *Id.* However, that citation was inopposite because here, unlike in *Dampeer*, the ALJ had absolutely no basis for making a determination about Ms. Morgan's ability to work with arthritis in her knees. Indeed, the Commissioner's sole argument that the ALJ properly considered Ms. Morgan's arthritis is that the ALJ stated that she reduced Dr. Vincent's RFC in consideration of, among other things, Ms. Morgan's arthritis (doc. # 28: Commissioner's Mem. in Support of Mot. for Sum. J. at 11). This is not a case in which the evidence existed and the ALJ merely did a poor job of explaining it; the ALJ had no medical opinions about Ms. Morgan's arthritis at all. Therefore, by assigning Ms. Morgan an RFC to perform light work despite her being diagnosed with arthritis, the ALJ impermissibly "played doctor." *Myles v. Astrue*, 582 F.3d 672, 677 (7th Cir. 2009).

We will grant EAJA fees when an ALJ contravenes longstanding judicial precedent when determining a claimant's RFC. *Stewart v. Astrue*, 561 F.3d 679, 683-84 (7th Cir. 2009). An ALJ's act of "playing doctor" is just such a well-recognized error, and thus the Commissioner's continued support of the ALJ's decision was not substantially justified. *See, e.g., Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996); *Bailey v. Barnhart*, 473 F.Supp.2d 842, 849 (N.D. Ill. 2006) (granting plaintiff's EAJA petition because ALJ's determination "was a clear example of an ALJ making an independent medical finding").

**B.**

We now consider the amount of feels that should be awarded. Under the EAJA, 28 U.S.C. § 2412(d)(1)(A)(ii), an award of attorney's fees "shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." The Seventh Circuit has held that, given the passage of time since the establishment of the $125.00 hourly rate, an adjustment based on an increase in the cost of living is generally proper. *Tchemkow v. Mukasey,* 517 F.3d 506, 512 (7th Cir. 2008).

As required by the EAJA, plaintiff's counsel submitted an itemized statement of time expended on this case and hourly rates on which the total fee calculation was based. The plaintiff's EAJA petition requests an award in the amount of $8,254.92 for 43 hours of attorney time at an hourly rate of $188.44, and 1.6 hours of legal assistant time at an hourly rate of $95.00, stating that these rates reflect the prevailing market rate for attorneys performing similar work.

The Commissioner disputes the reasonableness of the hourly rates calculated by plaintiff's counsel, and also alleges that plaintiff's counsel failed to exercise billing judgment. We reject these challenges.

The Commissioner argues that any cost of living increase we grant should be based on the local or regional consumer price index (CPI), instead of the national CPI. The Seventh Circuit has left the decision about which CPI to use up to the district courts. *Sprinkle v. Colvin,* 777 F.3d 421, 427-28 (7th Cir. 2015). This Court has previously used the national CPI to determine an appropriate cost of living increase, *Collins v. Colvin,* No. 12 C 1880, 2013 WL 5493683 at *3 (N.D.Ill. September 30, 2013) (*Schenkier, J.*), *Fox v. Colvin,* 15 C 6416, 2016 WL

5402751 at *3 (N.D. Ill. September 26, 2016) (*Schenkier, J.*), and we do so again today. We particularly note that Ms. Morgan's attorney has submitted a number of affidavits from other attorneys confirming that an hourly rate of $188.44 is a reasonable one, as it is somewhat below the market rate for social security work. *Fox*, 2016 WL 5402751 at *3 (even were we to assume that plaintiff selected the national CPI because it would yield a higher hourly rate, it is not unreasonable "to use the index that results in an hourly rate that comes closest to approximating the prevailing market rate").

Finally, we find that the number of hours of attorney time – 43 – requested by Ms. Morgan's attorney is reasonable and does not represent a failure to exercise billing judgment. While it is the burden of the prevailing party to demonstrate that the hours worked were reasonable, we find that plaintiff has met this burden. She cites to a number of cases in the Seventh Circuit that have found a range of 40-60 hours reasonable for a social security appeal. *See, e.g., Schulten v. Astrue* 08 C 1181, 2010 WL 2135474 * 6 (N.D.Ill. 2010) (holding that 40-60 hours is a reasonable amount of time for an attorney to spend on a social security case).

The Commissioner does not explain why it would be excessive to devote 43 hours of work to this appeal. Rather, the government argues that plaintiff's EAJA petition "fails to show that her attorney winnowed the hours he actually expended down to the hours reasonably expended" (Commissioner's Resp. to Pl. Mot. for Fees at 4). But to successfully challenge the number of hours requested on an EAJA petition, the Commissioner must do more than speculate that the hours assessed were excessive. *Large ex rel. S.L. v. Colvin*, No. 12 C 50101, 2014 WL 117174 *2 (N.D.Ill. January 13, 2014); *compare Fox*, 2016 WL 5402751 at *3 (Court reduced amount of fees sought based on a challenge by the government to specific time entries).

7

## CONCLUSION

For the reasons stated above, the Court grants the plaintiff's motion for attorney's fees and costs pursuant to the EAJA, 28 U.S.C. § 2412, in the amount of $8,254.92.

**ENTER:**

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

**DATE: March 16, 2017**